**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DANA COLEMAN**                                                                    **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 2:16-CV-135-KS-MTP**

**CITY OF HATTIESBURG and
JOHNNY DUPREE**                                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Summary Judgment [47] filed by Defendants City of Hattiesburg and Johnny Dupree. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion should be granted in part and denied in part.

**I. BACKGROUND**

Plaintiff Dana Coleman ("Plaintiff") was employed by Defendant City of Hattiesburg (the "City") from 2012 until 2016, as the office manager for Municipal Court Judge Jerry Evans ("Judge Evans"). Her position required her to work directly with Faye Hicks ("Hicks"), the municipal clerk. The deputy clerks of the municipal court answered to both Hicks and Plaintiff. Plaintiff and Judge Evans are white. Hicks and most[1] of the deputy clerks are African American.

On September 9, 2016, Plaintiff filed suit in this Court against Defendants the City and former Mayor Johnny Dupree ("Dupree") (collectively "Defendants"), alleging that she had been the victim of racial harassment and bringing claims under Title VII, 42 U.S.C. §§ 1981 and 1983, and state law claims of intentional and negligent infliction of emotional distress. She later filed an

---

[1] One deputy clerk was white, but she later quit because of the same type of harassment Plaintiff alleges. (*See* Sherman Declaration [50-5].)

Amended Complaint [28], alleging that, because of this ongoing harassment, she was forced to quit her job, and adding a claim of constructive discharge.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."

2

*Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### B. Conceded Claims

Plaintiff has explicitly conceded all claims against Johnny Dupree, in both his official and individual capacity. All claims against Dupree will therefore be **dismissed with prejudice**. Plaintiff has also stated that she will not be pursuing any claims under 42 U.S.C. §§ 1981 and 1983. These claims will also be **dismissed with prejudice**. Finally, because Plaintiff makes no argument as to her wage discrimination claim under Title VII,[2] this claim will be **dismissed with prejudice** as well.

### C. Hostile Work Environment under Title VII

To establish a hostile work environment claim under Title VII, Plaintiff must establish:

> (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race: (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citations omitted). The Supreme Court has instructed that "all of the circumstances must be taken into consideration" when determining whether a hostile work environment existed. *Id.* (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S. Ct. 1885, 52 L.Ed.2d 571 (1977)). The Fifth Circuit has held that "courts must

---

[2] It is not clear from the Amended Complaint [28] that Plaintiff ever asserted a wage discrimination claim. Defendants included arguments against this claim as a precaution, and the Court interprets Plaintiff's silence as to this claim as a waiver.

consider the following circumstances: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000)) (internal quotations omitted).

Defendants do not dispute that Plaintiff was a member of a protected class. The Court will therefore examine whether Plaintiff has adduced sufficient evidence to survive summary judgment on the other elements of her claim.

Plaintiff has adduced evidence that she was harassed by both Hicks and the deputy clerks. Plaintiff testified that Hicks deliberately did not inform her about staff meetings on multiple occasions. (*See* Plaintiff Depo. [50-1] at 33:16-34:1.) She also states in her declaration that "[t]he disrespect and insubordination by the [deputy] clerks was a near daily routine," with them refusing to follow her directives. (Plaintiff Declaration [50-9] at ¶ 5.) There is also evidence that the deputy clerks wrongfully accused Plaintiff of stealing the file of Forrest Magee, the son of Sheriff Billy Magee, and made such allegations to a local political blogger, Tom Garmon, all in an effort to have her fired. (*See* Plaintiff Depo. [50-1] at 50:14-51:24.)[3]

There is also evidence that the harassment Plaintiff endured was racially motivated. Hicks would refer to whites to Plaintiff as "your people or your folk." (*Id.* at 37:11-14.) The deputy clerks would often tell Haley Sherman,[4] the only white deputy clerk other than Plaintiff, that she was "too white to understand" some things. (*Id.* 38:3-6; *see also* Sherman Declaration [50-5] at ¶ 5.) Plaintiff also testified that Judge Evans told her that the deputy clerks would never respect

---

[3] This evidence is Plaintiff's testimony as to what Judge Evans told her, which Defendants claim is hearsay. Because there is an argument that Judge Evans was an agent of the City, and therefore these statements were statements made by an opposing party and admissible under Federal Rule of Evidence 801(d)(2), the Court will consider this evidence for purposes of this motion, as neither side has fully argued the potential hearsay issue.
[4] Also referred to by her married name, Katerski.

4

her or listen to her because she was white. (*See* Plaintiff Depo. [50-1] at 38:16-39:11.) Plaintiff was also given extra duties with no commiserate pay increase and was told by Judge Evans that she could not "raise too much of an issue because then it becomes a black or white thing." (*Id.* at 44:15-20.)

Plaintiff has also adduced evidence that the harassment affected a term, condition, or privilege of her employment. In order to "affect a term, condition, or privilege of employment," the harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ramsey*, 286 F.3d at 268 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L.Ed.2d 295 (1993)) (internal quotations omitted). Hicks attempted to leave Plaintiff out of staff meetings, and the deputy clerks refused to follow her directives, which affected her ability to delegate and supervise. (*See* Plaintiff Depo. [50-1] at 33:16-34:1; Plaintiff Declaration [50-9] at ¶ 5.) Their actions made her job with the City so difficult and stressful that her medical providers recommended that she quit her job. (*See* Plaintiff Depo. [50-1] at 54:11-18; *see also* Henri Letter [50-3]; Crawford Letter [50-4].) Additionally, the accusation that Plaintiff stole a file from the court could have resulted in termination, which definitely could have affected her employment. (*See* Plaintiff Depo. [50-1] at 50:14-51:24.)

There is also no disputing that the City was aware of Plaintiff's treatment and did nothing. Plaintiff testified that she went to Judge Evans, her department head,[5] "several times" and tell him it was "impossible to do [her] job" because of the harassment, and he told her that it was because she was white. (Plaintiff Depo. [50-1] at 38:16-21.) No action was ever taken to remedy the situation.

---

[5] *See* Evans Depo. [50-6] at 7:13-17.

Therefore, because the Court finds that Plaintiff has adduced sufficient evidence on all the elements of her racial harassment claim under Title VII, the Court will **deny** the Motion for Summary Judgment [47] as to this claim.

### D. Constructive Discharge under Title VII

The only argument Defendants assert in their Memorandum in Support [48] against Plaintiff's constructive discharge claim under Title VII is that it must fail because her hostile work environment claim fails. Because the Court does not find that her hostile work environment claim fails, the Court will **deny** the Motion for Summary Judgment [47] as to this claim as well.

### E. Intentional and Negligent Infliction of Emotional Distress

Citing this Court's opinion in *Doughty v. Natchez-Adams School District*, Defendants argue that Plaintiff's intentional infliction of emotional distress claim must fail because such claims "will not ordinarily lie for mere employment disputes." No. 5:17-CV-43-KS-MTP, 2017 WL 4286395, at *3 (S.D. Miss. Sept. 27, 2017) (quoting *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So.2d 845, 851 (Miss. 2001)). However, as this Court stated in *Doughty*, "[c]laims for intentional infliction of emotional distress in such disputes have usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." *Id.* (quoting *Lee*, 797 So.2d at 851) (internal quotations omitted). Defendants make no argument as to why the pattern of harassment that makes up Plaintiff's hostile work environment claim does not satisfy this requirement. As such, the Motion for Summary Judgment [47] will be **denied** as to Plaintiff's intentional infliction of emotional distress claim.

Defendants further argue that Plaintiff has failed to identify a health expert showing that she suffered a physical injury due to negligent infliction of emotional distress, again citing *Doughty* in support. In *Doughty*, this Court stated that a physical injury was necessary to proceed on a claim

6

of negligent infliction of emotional distress, but never held that a health expert's testimony was a necessary element. 2017 WL 4286395, at *4 (citing *Waters v. Allegue*, 980 So.2d 314, 318 (Miss. Ct. App. 2008)). Mississippi law states that, for a claim of negligent infliction of emotional distress, Plaintiff must show "some sort of physical manifestation of injury or demonstrable physical harm." *Wilson v. Gen. Motors Acceptance Corp.*, 883 So.2d 56, 65 (2004) (quoting *Am Bankers' Ins. Co. of Fla. v. Wells*, 819 So.2d 1196, 1209 (Miss 2001)). Plaintiff has adduced evidence of this in the form of a letter from her physician, stating that the depression and anxiety caused by her job has manifested as "loss of sleep, appetite and interest/motivation in her normal life activities, headaches, diarrhea and vomiting daily, etc." (Crawford Letter [50-4.]) The Court finds that this evidence is sufficient to defeat summary judgment on this claim as well, and the motion will be **denied** with respect to this claim.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [47] is **granted in part** and **denied in part**.

It is **granted** in that the following claims are **dismissed with prejudice**: all claims against Dupree, all claims under 42 U.S.C. §§ 1981 and 1983, and the wage discrimination claim under Title VII.

It is **denied** in that the following claims remain pending: the hostile work environment claim under Title VII against the City, the constructive discharge under Title VII against the City, the intentional infliction of emotional distress claim against the City, and the negligent infliction of emotional distress against the City.

SO ORDERED AND ADJUDGED, on this, the __24th____ day of January, 2018.

s/Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE