# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

DANA COLEMAN                                                                     PLAINTIFF

v.                                         CIVIL ACTION NO. 2:16-CV-135-KS-MTP

CITY OF HATTIESBURG                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion *In Limine* [60] filed by Defendant City of Hattiesburg. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion should be granted in part and denied in part.

## I. BACKGROUND

Plaintiff Dana Coleman ("Plaintiff") was employed by Defendant City of Hattiesburg (the "City") from 2012 until 2016, as the office manager for Municipal Court Judge Jerry Evans ("Judge Evans"). Her position required her to work directly with Faye Hicks ("Hicks"), the municipal clerk. The deputy clerks of the municipal court answered to both Hicks and Plaintiff. Plaintiff and Judge Evans are white. Hicks and most[1] of the deputy clerks are African American.

On September 9, 2016, Plaintiff filed suit in this Court against Defendants the City and former Mayor Johnny Dupree ("Dupree") (collectively "Defendants"), alleging that she had been the victim of racial harassment and bringing claims under Title VII, 42 U.S.C. §§ 1981 and 1983, and state law claims of intentional and negligent infliction of emotional distress. She later filed an Amended Complaint [28], alleging that, because of this ongoing harassment, she was forced to quit her job, and adding a claim of constructive discharge.

---

[1] One deputy clerk was white, but she later quit because of the same type of harassment Plaintiff alleges. (*See* Sherman Declaration [50-5].)

Defendants filed their Motion for Summary Judgment [47] on December 14, 2017. The Court ruled on this motion on January 24, 2018, leaving only the following claims pending against the City:[2] the hostile work environment claim under Title VII, the constructive discharge claim under Title VII, the intentional infliction of emotional distress, and the negligent infliction of emotional distress.

## II. DISCUSSION

### A. Statements made by Judge Evans

The City argues that certain statements attributed to Judge Evans should be excluded from evidence at trial as they are hearsay and inadmissible under F.R.E. 802. It also argues that these statements are irrelevant under F.R.E. 401 and unfairly prejudicial under F.R.E. 403.

Though the City never specifies which statements they wish to have excluded, the Court assumes it is the statements that Plaintiff testified Judge Evans made to her when she complained about the harassment she was facing. Plaintiff testified that Judge Evans told her that the deputy clerks would not respect her because she was white, that she could not complain about extra duties because she was white, and the harassment she was facing was because she was white. (*See* Plaintiff Depo. [50-1] at 38:16-39:11, 55:15-20.) Plaintiff's claim under Title VII is that she was harassed because of her race, which would make these statements obviously relevant. The City's argument under F.R.E. 401 is therefore meritless.

The City also argues that these statements could mislead the jury and are therefore unfairly prejudicial under F.R.E. 403. This rule, however, requires that the statements probative value be "substantially outweighed by a danger of . . . unfair prejudice [or] . . . misleading the jury." Fed. R. Evid. 403. Though the City contends that the jury will give unfair weight to these statements

---

[2] All claims against Dupree were dismissed.

and that they are "nothing more than a thinly veiled invasion of the province of the jury," (Motion *In Limine* [60] at p. 3.), there is absolutely nothing to support these arguments, let alone show that these potential dangers substantially outweigh the probative value of the statements. The City's arguments under F.R.E. 403, then, are unfounded.

Much of the City's arguments against the admission of these statements are centered on its contention that these statements are hearsay. The Court has already noted that these statements do present a potential hearsay issue in its Order [53] on the City's summary judgment motion. In that Order [53], the Court stated that these statements were potentially admissible as statements made by an opposing party and not hearsay under F.R.E. 801(d)(2) because Judge Evans was an agent of the City, but ultimately refused to definitively hold that these statements were admissible because neither side presented a full argument as to the hearsay issue. (*See* Order [53] at p. 4, n.3.) The City makes no mention of this rule in its original motion or its rebuttal. Instead, the City cites *Terry v. Quitman County School District*, in which the Northern District of Mississippi excluded hearsay statements after no argument was made for their admissibility. No. 3:16-CV-13-DMB-RP, 2017 WL 2426873, at *2 (N.D. Miss. June 5, 2017). This is not the case here as Plaintiff has made an argument for the admissibility of these statements under F.R.E. 801(d)(2).

F.R.E 801(d)(2) excludes from the definition of hearsay those statements which are "offered against an opposing party" and were "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). Judge Evans, at the relevant time, was an employee of the City and was the department head over the Hattiesburg Municipal Court. As such, he was the supervisor of Plaintiff, Hicks, and all the deputy clerks. The statements attributed to him were made while he was performing his supervisory role. Even if the City had attempted to argue that Judge Evans was not acting within his scope of

3

employment with the City, the Court does not believe that any such argument would succeed. Therefore, because F.R.E 801(d)(2) specifically excludes these types of statements from the definition of hearsay, they are not hearsay and will not be excluded from evidence at trial. The Motion *In Limine* [60] will be **denied** as to these statements.

### B. Plaintiff's Testimony

The City seeks to have Plaintiff's testimony limited by asking the Court to exclude her "speculation" that certain events, such as testimony that "she was excluded form [sic] social and court functions, baby showers, lunches, staff meetings and from interviewing prospective employees," constituted harassment because she "has no evidence, direct or circumstantial, that she was excluded from anything because of her race." (Motion *In Limine* [60] at p. 3.) First of all, the Court already found in its denial of summary judgment that Plaintiff has produced evidence that she was mistreated because of her race so the City's contention that there is "no evidence" is incorrect. (*See* Order [53] at pp. 4-5.) Second of all, the City completely disregards the separate elements of Plaintiff's Title VII claim. To establish her claim, Plaintiff must prove:

> (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race: (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citations omitted). Plaintiff must first show that she was harassed, and then show that that harassment was based on race. *Id.* The City appears to believe that Plaintiff's evidence of harassment must simultaneously establish racial animus. That is not the law and is contrary to the policies behind a hostile work environment claim. Such a rule would exclude all but direct and obvious evidence of racial harassment from being presented to the jury and deny many an opportunity for redress of wrongs committed against them.

4

Therefore, the Court will **deny** the Motion *In Limine* [60] with respect to this evidence.

### C. Hayley Sherman

The City argues that evidence as to the alleged racial harassment that caused Hayley Sherman to resign should be excluded as irrelevant under F.R.E. 401, inadmissible character evidence under F.R.E. 404(b), and unfairly prejudicial under F.R.E 403. This Court has previously held that evidence from former employees who experienced the same type of discrimination from the same people is relevant to a Title VII discrimination claim. *See Johnson v. All-American Check Cashing, Inc.*, No. 3:13-CV-270-WHB-RHW, 2015 WL 11117837, at *2 (S.D. Miss. Mar. 17, 2015) ("Here, the pleadings show that both Johnson and Welch worked as managers for All American, they were both fired by the same supervisor when they were pregnant, and they were fired within an approximate six-week period of time. Based on the facts before it, the Court finds Welch's testimony with respect to the pregnancy discrimination claim would be probative to Johnson's Title VII claim."). The City's arguments that this evidence is not relevant, then, has no merit.[3]

The City does not explain how this evidence is character evidence. This evidence is not being used as evidence of any person's character or pertinent trait as disallowed by F.R.E. 404. Instead, it is being used to show a pattern of discrimination as allowed by this Court's previous rulings. *See Johnson*, 2015 WL 11117837, at *2. The City also does not elaborate on how this evidence is unfairly prejudicial nor does it show that it is so unfairly prejudicial as to substantially outweigh its probative value as required by F.R.E. 403.

---

[3] Despite the City's representation that Sherman resigned "years earlier" than the relevant timeframe, Sherman's declaration states that she was employed as deputy court clerk and worked with Plaintiff from June 14, 2014, until January 5, 2015. (*See* Sherman Declaration [50-5] at ¶¶ 2-3.) Plaintiff filed her Complaint in September 2016, and was employed with the City from 2012 until 2016. The City's characterization of Sherman resigning "years earlier" is not accurate.

Because the Court finds that this evidence is relevant to Plaintiff's claims and does not constitute impermissible character evidence, and because there has been no showing that its probative value is substantially outweighed by a risk of undue prejudice, the Motion *In Limine* [60] will be **denied** as to this evidence.

### D. Accusations of Leaked File

The City argues that the Court should exclude evidence that Plaintiff was accused of removing a criminal file from the municipal court and turning it over to Hattiesburg Patriot blogger, Tom Garmon. Plaintiff contends that this false accusation[4] was yet another measure taken to harass her and created a hostile work environment. While this one instance is perhaps not enough to prove her claim of a hostile work environment, it does have probative value as to whether Plaintiff was harassed, which is an element of her Title VII claim which she must prove *independent* of racial animus. *See Ramsey v. Henderson*, 286 F.3d at 268. The City's argument that this evidence is irrelevant under F.R.E. 401, then, is unpersuasive.

The City also contends that this evidence should be excluded under F.R.E. 403 because the probative value of the evidence is substantially outweighed by unfair prejudice. The City fails, however, to identify how this evidence is unfairly prejudicial to it, and the Court is not persuaded that it is. This is evidence of a type of harassment to which Plaintiff claims she was subjected, which makes its probative value substantial. There is nothing so *unfairly* prejudicial about this evidence that would warrant exclusion under F.R.E. 403.

Because the Court finds that this evidence is relevant and is not so unfairly prejudicial to be excluded under F.R.E. 403, the Motion *In Limine* [60] will be **denied** as to this issue.

---

[4] Though the City contends, with no citation to the record, that who leaked the file, whether it was Plaintiff or someone else, was never determined, Plaintiff testified that she was "completely exonerated" and not charged or fired for leaking the file. (*See* Plaintiff Depo. [63-1] at 52:11-12, 53:9-13.)

6

### E. Racial Make-up of the Clerk's Office

The City contends that the racial make-up of the clerk's office is irrelevant under F.R.E. 401 and unfairly prejudicial under F.R.E. 403. In making this argument, they rely on a mischaracterization[5] of Plaintiff's claim, stating that her contention is that "because there were more African Americans working in city court than Caucasians, that cold-shouldering or unfriendliness must have been race based." (Motion *In Limine* [60] at p. 5.) Plaintiff's evidence is based on more than "cold-shouldering or unfriendliness," as the Court found when it denied summary judgment. (*See* Order [53] at pp. 4-6.) Her allegations of racial animus also stem from more than an inference based on the racial make-up of the clerk's office, again, as the Court pointed out on summary judgment. (*See id.*) Regardless, the racial make-up of the clerk's office is plainly relevant to show a pattern of discrimination where, viewing the evidence together, the only two white employees quit because of how they were treated by the other employees, all of whom were black. *See Johnson*, 2015 WL 11117837, at *2. The City's arguments under F.R.E. 401 are therefore rejected. Furthermore, the City fails to explain how this evidence is so unfairly prejudicial or its potential to confuse the jury so great, so as to substantially outweigh its probative value and be excluded under F.R.E. 403. Therefore, the Motion *In Limine* [60] will be **denied** as to this evidence.

### F. Medical Experts

The City argues that Plaintiff's medical experts, Ted Crawford and Sheri Henry, should be excluded because they were not properly designated. This is a *Daubert*-type motion which was

---

[5] The City also mischaracterizes Plaintiff's response, where she states that "[w]hile the exact ratio of black and white employees may not be wholly relevant, the fact that Ms. Coleman (and Hayley Sherman) were the only two white employees and were the only ones who quit because of stress/anxiety related issues does make the racial makeup of the clerk's office relevant." (Response [63] at p. 9.) The City represented this statement to the Court in its rebuttal to mean that Plaintiff "concedes that the number and ratio of black and white employees is not relevant." (Rebuttal [65] at p. 4.) This is a blatant misrepresentation of Plaintiff's response.

due by December 15, 2017, and is therefore untimely.  (*See* Case Management Order [21] at p. 4.)  Regardless, the City's arguments also have no merit.  Local Uniform Civil Rule 26(a)(2)(D) holds that, for physicians designated as experts but not retained specifically to provide expert testify, such as treating physicians, "[n]o written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under FED.R.EVID. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify."  The purpose of Local Rule 26(a)(2)(D) is "to relieve busy treating physicians of the onerous task" of complying with disclosure requirements of Federal Rule of Civil Procedure 26 while still clarifying that they did need to be designated as experts.  *Robbins v. Ryan's Family Steak Houses East, Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004).

Plaintiff has met her burden here.  The subject matter both Crawford and Henry will testify to is Plaintiff's health.  (*See* Designation [60-1] at pp. 1-2.)  The summary of the facts and opinions underlying Crawford's testimony is that, due to the stress and anxiety Plaintiff was experiencing, he recommended she leave her position.  (*See id.* at p. 1.)  Similarly, Henry's summary of facts and opinions states that Plaintiff's stress, anxiety, depression, and headaches led her to the opinion that her job was to blame.  (*See id.* at p. 2.)

Because the City's motion is untimely and because Plaintiff has met the requirements of Local Rule 26 regardless, the Motion *In Limine* [60] will be **denied** as to this issue.

### G.     Damages

The City argues that Plaintiff should not be allowed to argue a specific dollar amount as to her non-economic damages and that she should be precluded from offering evidence for her economic damages.

### 1. Non-economic damages

Plaintiff agrees that she is prohibited from requesting a specific dollar amount for her non-economic damages. Because of this agreement, the City's motion will be **granted** as to this issue.

### 2. Economic damages

The City argues that evidence of Plaintiff's economic damages must be excluded because "she failed to quantify actual losses on a present net cash basis." (Motion *In Limine* [60] at p. 7.) The only authority offered in support of this contention is the City's general[6] citation to *Canaski v. Mid Mississippi Properties, Inc.*, No. 1:15-CV-344-HSO-JCG, 2017 WL 4533655 (S.D. Miss. Jan. 18, 2017). The only portion of this opinion which speaks to economic damages is a single paragraph which grants the unopposed exclusion of evidence not disclosed during discovery. *Id.* at *4. The Court is unsure how the City reads this paragraph to require an account of economic damages "on a present net cash basis," but it is clearly mistaken in its understanding of the law. Therefore, the Motion *In Limine* [60] will be **denied** as to this evidence.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion *In Limine* [60] is **granted in part** and **denied in part** as outlined above.

SO ORDERED AND ADJUDGED, on this, the 14th day of May, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[6] The City identifies no pincite that would point the Court to which portion of this opinion allegedly supports its argument.

9